## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| **AZEEM SMITHSON** | : | |
| PO Box 7602 | : | |
| Hampton, VA 23666 | : | |
| | : | |
| And | : | |
| | : | |
| **MY WAY ENTERPRISE, LLC** | : | |
| PO Box 7602 | : | |
| Hampton, VA 23666 | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| **GREG PARKER** | : | **JURY TRIAL OF TWELVE (12)** |
| 3020 Redner Street | : | **JURORS DEMANDED** |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **DANIELLE MORRIS PARKER** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **CICILY HAWES** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **AP CAPITAL, LLC** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **G PARKER UNLIMTED, LLC** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |

1

|                                              |   |
|----------------------------------------------|---|
|                                              | : |
| **PARKER PROPERTIES**                        | : |
| **UNLIMTED, LLC**                            | : |
| 3020 Redner Street                           | : |
| Philadelphia, PA 19121                       | : |
|                                              | : |
| And                                          | : |
|                                              | : |
| **PARKER UNLIMITED**                         | : |
| **PROPERTIES, LLC**                          | : |
| 3020 Redner Street                           | : |
| Philadelphia, PA 19121                       | : |
|                                              | : |
| And                                          | : |
|                                              | : |
| **REHAB QUEEN OHIO, LLC**                    | : |
| 5466 Broadway Avenue                         | : |
| Cleveland, OH 44127                          | : |
|                                              | : |
| And                                          | : |
|                                              | : |
| **JOHN DOES 1-10**,                          | : |
|                                              | : |
|              Defendants.                     | : |

---

## CIVIL ACTION COMPLAINT

### I.  INTRODUCTION

1.      Plaintiffs, Azeem Smithson and My Way Enterprise, LLC bring this action against

Defendants, Greg Parker, Danielle Morris Parker, and Cicily Hawes, as well as certain business

that Defendants control, that operate as a unified corrupt organization under the Racketeer

Influenced and Corrupt Organizations Act in a simple fraud scheme.

2.      The RICO Enterprise marketed itself to budding investors seeking to make a start in real

estate investing through various group and individual seminars in the Greater Philadelphia area.

The RICO Enterprise used Defendant, Greg Parker's perceived status as a "real estate mogul" in

a you-can-do-it-too educational scheme, that was in fact a front used to induce students into purchasing real estate properties from the RICO Enterprise.

3.      However, in reality, the RICO Enterprise, after gaining the trust of its students, accepted sums for the purchase and/or renovation of properties that either were non-existent or the RICO Enterprise were not authorized to sell. In the instant matter, the RICO Enterprise accepted sums of money for the sale of an investment property to Plaintiffs and then instead sold the investment property to a third-party.

4.      It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme.

5.      Plaintiffs now bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise.

## II.      JURISDICTION & VENUE

6.      Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate commerce in connection with the transactions, acts, practices and courses of business alleged herein.

8.      This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District as (i) one or more defendants reside within this District; and (ii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

10.     All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

**III.   PARTIES**

11.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

12.     Plaintiff, Azeem Smithson, is an adult individual with a mailing address at the above-captioned address.

13.     Plaintiff, My Way Enterprise, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Ohio, with a mailing address at the above-captioned address. At all material times, Plaintiff, Azeem Smithson was the sole owner-operator of Plaintiff, My Way Enterprise, LLC.

14.     Defendant, Greg Parker is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker directs and controls the RICO Enterprise.

15.     Defendant, Danielle Morris Parker is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Defendant, Danielle Morris Parker is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

16.     Defendant, Cicily Hawes, is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Upon information and belief,

Defendant, Cicily Hawes is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

17.     Defendant, AP Capital, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, AP Capital, LLC.

18.     Defendant, G Parker Unlimited LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, G Parker Unlimited LLC.

19.     Defendant, Parker Properties Unlimited, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker and/or Defendant, Danielle Morris Parker is the owner-operator of Defendant, Parker Properties Unlimited, LLC.

20.     Defendant, Parker Unlimited Properties, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker and/or Defendant, Danielle Morris Parker is the owner-operator of Defendant, Parker Unlimited Properties, LLC.

21.     Defendant, Rehab Queen Ohio, LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Ohio, with a primary place of business at the above-

captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Danielle Morris Parker is the owner-operator of Defendant, Rehab Queen Ohio, LLC.

22.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

23.     The term "RICO Enterprise" herein refers collectively to Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10.

**IV.     OPERATIVE FACTS**

24.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

25.     Defendant, Greg Parker holds himself out to the public as a "real estate mogul" who has the ability to transform individuals through group and individual real estate seminars into successful real estate investors.

26.     Defendant, Greg Parker hosts fee-based, group seminars on real estate investing through which Defendant, Greg Parker identifies individuals for one-on-one classes and investment schemes.

27.     Defendant, Greg Parker has been a guest lecturer at Temple University, as well as seminars hosted by third-parties, concerning real estate investing. Defendant, Greg Parker was also featured in an article by Black Enterprise[1] and has been a guest on podcasts.

28.     Defendants, Greg Parker, Danielle Morris Parker, and Cicily Hawes use a host of legal entities to shield themselves from their fraud victims, including, *inter alia*, Defendants, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, and Rehab Queen Ohio, LLC.

29.     In or around 2019, Plaintiff, Azeem Smithson became aware of Defendant, Greg Parker's reputation as a "real estate mogul" and that he provided "one-on-one" mentorship program in real estate investing.

30.     After discussions with Defendant, Greg Parker, Plaintiff, Azeem Smithson paid Defendant, Greg Parker the sum of $7,500 to be a participant in the "one-on-one" mentorship program. At this time, Defendant, Greg Parker held himself out as operating under Defendant, AP Capital LLC.

31.     During the initial "one-on-one" mentorship meeting, Defendant, Greg Parker explained that his process was to obtain the deposit funds from the potential investor for the purchase of an unspecified investment property and then Defendant, Greg Parker would independently and timely select a property to transfer to the potential investor from Defendant, Greg Parker "exclusive list".

---

[1]     *[Passion to Purpose] Meet Real Estate Investor and Community Builder Greg Parker.* Daron Pressley, November 12, 2016. Black Enterprise Website, accessed on April 13, 2021, at https://www.blackenterprise.com/meet-real-estate-investor-greg-parker/.

32.      Depending upon Defendant, Greg Parker's "expert" advice, Plaintiff, Azeem Smithson agreed to purchase an unspecified investment property and provided the sum of $20,000 towards the purchase price.

33.      Defendant, Greg Parker insisted that the depsoit for the to-be-determined investment property be paid to Defendant, Greg Parker *before* Defendant, Greg Parker identified the specific property being purchased.

34.      On or about August 20, 2019, at the direction of Defendant, Greg Parker, Plaintiffs transferred the sum of $20,000 to Defendant, G Parker Unlimited, LLC.

35.      On or about September 4, 2019, Plaintiff, My Way Enterprise LLC entered into a contract with Defendant, Rehab Queen Ohio, LLC for the purchase of 13901 Shaw Avenue, Cleveland, OH 44112 ("Property") for the amount of $65,000. *See* Exhibit A ("First Purchase Agreement").

36.      The Purchase Agreement specifically called for the "Ernest Money" of $20,000 to be paid to Defendant, G Parker Unlimited, LLC. *See* Exhibit A

37.      Defendant, Danielle Morris Parker executed the First Purchase Agreement on behalf of Defendant, Rehab Queen Ohio, LLC. *See* Exhibit A.

38.      Over the course of the following eighteen (18) months, Plaintiff, Azeem Smithson remained in contact with Defendant, Greg Parker, as well as Defendants, Danielle Morris Parker and Cicily Hawes concerning the transfer of the Property. Throughout this time period, Defendants, Greg Parker, Danielle Morris Parker, and Cicily Hawes provided a myriad of false excuses as to why the Property had not been transferred.

39.     Finally, in or around Spring 2021, Defendant, Greg Parker contacted Plaintiffs and conveyed that he would transfer the Property to Plaintiffs for the previously-paid sum of $20,000 if Plaintiffs covered the closing costs, which ultimately amounted to $1,474.50.

40.     Plaintiff, Azeem Smithson and Defendant, Greg Parker agreed that an updated purchase agreement would be executed. *See* Exhibit B ("Second Purchase Agreement").

41.     Defendant, Danielle Morris Parker executed the Second Purchase Agreement on behalf of Defendant, Rehab Queen Ohio, LLC. *See* Exhibit B.

42.     At the direction of Defendants, Plaintiff, Azeem Smithson transferred the closing costs of $1,474.50 on or about August 6, 2021.

43.     Over the course of the following twelve (12) months, Plaintiff, Azeem Smithson remained in contact with Defendant, Greg Parker, as well as Defendants, Danielle Morris Parker and Cicily Hawes concerning the transfer of the Property. Throughout this time period, Defendants, Greg Parker, Danielle Morris Parker, and Cicily Hawes provided a myriad of false excuses as to why the Property had not been transferred.

44.     In or around Fall 2022, Defendants, Greg Parker, Danielle Morris Parker, and Cicily Hawes stopped communicating with Plaintiff, Azeem Smithson.

45.     Plaintiff later learned that Defendants, through Defendant, Rehab Queen Ohio LLC sold the Property to Non-Party, Will Stew LLC on or about September 19, 2022 for the sum of $20,000.

46.     The General Warranty Deed transferring the Property to Non-Party, Will Stew LLC was executed by Defendant, Danielle Morris Parker, despite knowledge that the Property was already sold to and paid for by Plaintiffs.

47.     The Property was in such a poor state that Non-Party, Will Stew LLC sold the Property to Non-Party, Lopez Enterprise's, LLC for the sum of $10,000 on or about June 21, 2023.

48.     At all material times, all communications between the parties occurred while the parties were in different states.

49.     Plaintiffs' wire transfers, based on Defendants fraudulent conduct, traveled across state lines.

50.     To date, Defendants have failed to return the $28,974.50 in funds provided to them, for which Plaintiffs have not received any consideration in breach of the representations by Defendants and the purchase agreements.

51.     To date, Defendant, Greg Parker has failed to provide any mentorship to Plaintiff, Azeem Smithson that did not focus solely of Defendants' attempt to extort sums of money from Plaintiffs for Plaintiffs' purported purchase of an investment property.

52.     As a result of the foregoing, Plaintiffs have suffered significant financial harm, including the loss of the funds and lost profits; as well as the emotional distress caused thereby.

**V.     CAUSES OF ACTION**

**COUNT I**
**Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")**
*Plaintiffs v. All Defendants*

53.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

54.     Plaintiffs, Azeem Smithson and My Way Enterprise, LLC are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

55.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC,

Rehab Queen Ohio, LLC, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

56.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

57.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a simple fraud scheme.

58.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

59.     The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing and continuous, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

60.     It is believed and therefore averred that the RICO Enterprise's actions, as described herein, are acts that are part of the RICO Enterprise's regular way of doing business. It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its

group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme in the same fashion as described herein.

61.     The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1341 (relating to mail fraud), 18 U.S.C. 1343 (relating to wire fraud), 18 U.S.C. 1952 (relating to racketeering), 18 U.S.C. § 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity) in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of simple fraud scheme, including, but not limited to, Plaintiffs herein. Plaintiff is aware of similar allegations asserted in the matter of *Raymond Schaffer, et al. v. Greg Parker, et al.*, Eastern District of Pennsylvania, No. 21-02171, *Damon L. Patterson v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-00463, *Lawrence Wesley, etl al v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-04699, *Richard Jenkins, Jr., et al. v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-04697; and, *Leslie Myles, et al. v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 23-02175.

62.     The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Ohio, the State of Virginia, and the Commonwealth of Pennsylvania.

63.     As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

64.     Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

**COUNT II**
**Fraud**
*Plaintiffs v. Defendant, Greg Parker*

65.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

12

66.    Defendant, Greg Parker represented to Plaintiffs that Defendant would lawfully sell a investment property to Plaintiffs in a timely manner.

67.    However, at the time of the representation and subsequent purported transaction, Defendant, Parker did not intend to transfer any property to Plaintiffs.

68.    Plaintiff reasonably and justifiably relied on Defendant, Greg Parker's representations, described *supra*.

69.    Plaintiff, relying on Defendant, Greg Parker's representations, transferred $21,474.50 to an account identified by Defendant, Greg Parker, to Plaintiff's financial and emotional detriment.

70.    Plaintiff has not received any consideration for the $21,474.50 that Plaintiff transferred in reliance on Defendant, Greg Parker's representations.

71.    As a result of the foregoing, Plaintiffs have suffered significant financial harm, including the loss of the funds and lost profits; as well as the emotional distress caused thereby.

### COUNT III
### Conspiracy / Aiding & Abetting
*Plaintiff v. All Defendants*

72.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

73.    Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10 acted in concert to defraud Plaintiffs.

74.    Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10 agreed and conspired to defraud Plaintiffs out of funds as described herein to their benefit and the detriment of Plaintiffs.

75.    Defendants, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited

LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio,

LLC, and John Does 1-10 aided and abetted Defendants, Greg Parker, Danielle Morris Parker,

Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC,

Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, Diamante Enterprises LLC, and

John Does 1-10's fraud.

### COUNT IV
**Breach of Contract**
*Plaintiffs v. Defendant, Rehab Queen Ohio, LLC*

76.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

77.    Plaintiffs and Defendant, Rehab Queen Ohio, LLC entered into the Second Purchase

Agreement for Plaintiffs' purchase of the Property.

78.    Plaintiffs paid all sums for the purchase of the Property pursuant to the Second Purchase

Agreement.

79.    Defendant, Rehab Queen Ohio, LLC breached the Second Purchase Agreement by failing

to transfer the Property to Plaintiffs to Plaintiffs' financial detriment.

### COUNT V
**Unjust Enrichment**
*Plaintiff v. Defendant, G Parker Unlimited, LLC*

80.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

81.    Under the circumstances, it would be unjust for Defendant, G Parker Unlimited, LLC

LLC to retain the consideration Plaintiffs paid to Defendant, G Parker Unlimited, LLC, for

which Defendant, G Parker Unlimited, LLC knowingly retained under false pretenses.

**VI.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Azeem Smithson and My Way Enterprise, LLC, by and through their undersigned counsel, hereby respectfully demands judgment in their favor and against Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Rehab Queen Ohio, LLC, and John Does 1-10, for an amount in excess of $75,000, including all compensatory and consequential damages, punitive damages, plus statutory damages, including treble damages, attorney fees, and costs, all applicable interests, as well as any further and other relief that this Honorable Court deems necessary and just.

Respectfully Submitted,

**WEISBERG LAW**                    **SCHAFKOPF LAW, LLC**

 /s/ Matthew B. Weisberg              /s/ Gary Schafkopf
Matthew B. Weisberg                  Gary Schafkopf
Attorney Id. No. 85570               Attorney Id. No. 83362
L. Anthony DiJiacomo, III            11 Bala Ave
Attorney Id. No. 321356              Bala Cynwyd, PA 19004
7 South Morton Ave.                  610-664-5200 Ext 104
Morton, PA 19070                     Fax: 888-283-1334
610-690-0801
Fax: 610-690-0880                    *Attorneys for Plaintiffs*